**J. W. COOPER CONSTRUCTION COMPANY, Inc., and Seaboard Surety Company, Appellants,**

v.

**PUBLIC HOUSING ADMINISTRATION, for the Use and Benefit of RIO GRANDE STEEL PRODUCTS CO., Inc., a New Mexico Corporation, Appellee.**

**No. 9551.**

United States Court of Appeals Tenth Circuit.

Feb. 9, 1968.

Rehearing Denied March 27, 1968.

———◆———

Dan A. McKinnon, III and Owen B. Marron, Albuquerque, N. M., for appellants.

Harold B. Albert, Albuquerque, N. M., for appellee.

Before WOODBURY,* BREITENSTEIN and HICKEY, Circuit Judges.

HICKEY, Circuit Judge.

In this action brought under the Miller Act, 40 U.S.C. §§ 270a and 270b, the use plaintiff, Rio Grande Steel Products Company, Inc., obtained a judgment against J. W. Cooper Construction Company, Inc. and its surety company. The sole question presented is whether or not Rio Grande Steel is a material supplier to a subcontractor or a remote material

---

* Senior Circuit Judge of the First Circuit, sitting by designation.

supplier to a materialman. The resolution of the question hinges upon the status of C. E. Marsh, doing business as Hobbs Window Company.

Cooper entered into a contract with the housing authority to furnish all labor, material, equipment and services and to perform and complete all work required for the construction of a public low-rent housing project. Marsh, d/b/a Hobbs Window Company, proposed to furnish kitchen cabinets and bathroom shower rods and curtains to comply with the construction contract. Before the proposed cabinets were ordered, drawings were prepared and submitted to the architect who approved the drawings. The cabinets were then ordered by catalog and stock number from Kitchen Kompact, Inc. through the use plaintiff, Rio Grande Steel. Shipment was made directly to Hobbs Window at the job site and the kitchen facilities were installed by Cooper. The billing invoice was charged to Marsh, d/b/a Hobbs Window, who was paid by Cooper. Marsh made a partial payment to Rio Grande but left an unpaid balance which is the amount prayed for in this action.

Appellant contends Rio Grande was a remote materialman supplying materials to Marsh who in turn supplied materials to the prime contractor; therefore, Rio Grande would not be within the protective scope of the Miller Act because Marsh was not a subcontractor but was also a materialman.

The parties are in agreement upon the applicable law. It is recognized that this court's interpretation of MacEvoy Co. v. United States, 322 U.S. 102, 64 S.Ct. 890, 88 L.Ed. 1163 (1944) is determinative of the legal rights of the parties.

In MacEvoy, the court said that "a subcontractor is one who performs for and takes from the prime contractor a specific part of the labor or material requirements of the original contract, thus excluding ordinary laborers and materialmen." Id. at 109, 64 S.Ct. at 894. In its most recent application of MacEvoy this court stated: "The ultimate determination of whether a supplier of materi-al * * * is a materialman or a subcontractor depends upon a consideration of the extent to which, in matters of substance, the prime contractor delegates to the supplier, and the supplier undertakes to perform for the prime contractor, a specific part of the labor or material requirements of the prime contract. [footnote omitted]." United States v. Lembke Construction Company, 370 F.2d 293, 295 (10th Cir.1966). The agreed facts of this case indicate Hobbs Window was to furnish all the cabinets in accordance with the plans and specifications, verify room dimensions at the job site to insure correct cabinet sizes and furnish shop drawings for approval. On the basis of these facts the trial court concluded that "Hobbs Window took from Cooper a specific part of the original contract—the furnishing, in accordance with the plans and specifications, of all kitchen cabinets required under the contract" and, therefore, was a subcontractor within the meaning of the Miller Act. We cannot say such a finding is clearly erroneous; therefore, we affirm the trial court.

Affirmed.